(29 Misc. Rep. 682.)

### NIELAND v. McGRATH et al.

(Supreme Court, Special Term, Kings County. December, 1899.)

INTOXICATING LIQUORS—PROCEEDINGS TO REVOKE LICENSE—PARTIES—ASSIGNEES.
　　Where a proceeding to revoke a liquor certificate under Liquor Tax Law, § 28, providing that such proceeding may be brought against the holder of the certificate, is brought against the one to whom the certificate was issued, his wife, to whom it had been assigned by consent of the excise commissioner, cannot be afterwards brought in as party defendant.

This is a proceeding instituted by Henry Nieland, Jr., against Michael F. McGrath and another to revoke the certificate issued to Michael F. McGrath. The defendant set up the transfer of the certificate to his wife, and petitioner moved to make the wife a party defendant. Proceeding dismissed.

Foley, Wray & Taylor, for plaintiff.

GARRETSON, J. The proceeding may be brought against the holder of the certificate. Liquor Tax Law, § 28, subd. 2. At the time this proceeding was instituted, Elizabeth McGrath was the holder of the certificate by assignment from Michael, consent thereunto having been given by the deputy excise commissioner upon alleged compliance with the provisions of Id. § 27. The right of Elizabeth to hold the certificate, and the liability, if any, for a revocation and cancellation thereof, is dependent upon compliance by her with the requirements for the making and filing of a new application and bond as upon an original application. Id. § 27. The statements made by Michael in his application would seem to be immaterial. He is no longer a party in interest, and is estopped by the assignment made by him from claiming any right to the certificate. There is no authority for bringing in Elizabeth as a party to this proceeding. The court may not do this under any of its general or equitable powers, or by analogy to the procedure in an action. The proceeding is penal in its nature, and the provisions of the statutes in respect thereto must be at least substantially followed, if not strictly complied with. The motion to dismiss the proceeding must be granted, because not brought against the holder of the certificate.

Motion granted, with $10 costs.